## EDWARD SHELDON v. JEREMIAH SULLIVAN.

*Malicious prosecution—Jurisdiction on appeal from a justice—General ad damnum clause.*

The jurisdiction conferred upon the recorder of Corunna is that of a justice of the peace (Act 265 of 1869), and he therefore cannot entertain an action for malicious prosecution. Act 214 of 1875.

A general *ad damnum* clause at the end of a declaration in justice's court will apply to a count for assault and battery, especially if the other counts are invalid; and if there were any defect in making it general it would be within the statute of amendments.

An appeal by the defendant in a justice's court from a judgment in an action which the justice had no right to entertain, does not give the circuit court jurisdiction to render judgment for the plaintiff.

Error to Shiawassee.  Submitted Jan. 4.  Decided Jan. 19..

CASE.  Plaintiff brings error.  Reversed.

*A. R. McBride* for plaintiff in error.

*Hugh McCurdy* for defendant in error.  When a declaration contains dissimilar counts, each should conclude with an *ad damnum* clause: 1 Ch. Pl. 387–9: *Fuller v. Bowker* 11 Mich. 204.

GRAVES, J.  In this action the plaintiff sued Sullivan before the recorder of Corunna, and in the first count alleged an assault and battery, and in the second, in substance and effect, a malicious prosecution.  The recorder rendered judgment for Sheldon, and Sullivan appealed to the circuit court.

The cause being there brought to trial the circuit judge ruled that the first count of the declaration was fatally defective for the want of an *ad damnum* clause, and that no recovery was possible under the second count because no evidence had been given to show that the acts complained of were malicious, and the jury were required to find for the defendant.

It may be that the judge was mistaken in holding that there was no evidence of the malice which was averred in the second count. But if so the plaintiff was not injured by the ruling. The cause of action there set up was not suable before the recorder, and no authority was acquired by the circuit court, on the mere strength of the defendant's appeal, to give judgment for the plaintiff on a cause of action which the law refused to allow the recorder's court to entertain.

The power of that court to take cognizance of civil cases in general is the same as that extended to justices of the peace, and in reference to this proceeding the recorder's authority was subject to "the laws of this State applicable to justices of the peace elected in townships." Charter of Corunna, Act 265, 2 Sess. L. 1869, ch. 6, §§ 9, 16. Turning then to the law applicable to justices of the peace we find that jurisdiction of actions for malicious prosecution is expressly denied. Comp. L., § 5250, as amended in 1875, Pub. Acts 1875, p. 258. The point raised on the admission of the proceedings which were had in the alleged malicious prosecution becomes unimportant.

On the other part of the case we think an error was committed which necessitates a reversal. The count for assault and battery was sufficient, and evidence was given under it which the jury should have been allowed to consider. A general *ad damnum* was inserted at the end of the declaration, and this was regular. 1 Chitty, p. 435. It applied to the count for assault and battery, and in strictness could apply to no other, since the count for malicious prosecution was not lawfully in the case. Moreover had the supposed defect been real it would have been open to correction by amendment. Comp. L. § 5408.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.